UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK LONG and SHAYNA LONG,

    Plaintiffs,

v.                                            CASE NO.: 8:08-CV-1580-T-23MAP

ASSOCIATED CREDIT AND COLLECTION
BUREAU, INC., EQUILEASE RESIDENTIAL
SERVICES, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

By previous orders (doc. 35), this Court granted the parties' stipulation of dismissal with prejudice as to Defendant Associated Credit and Collection Bureau, Inc. (doc. 28) and granted the Plaintiffs' motion for default judgment as to Defendant Equilease Residential Services, LLC ("Equilease") (doc. 35). At this juncture, the Plaintiffs' counsel has filed an application for reasonable attorneys' fees and costs incurred in litigating this action with respect to Defendant Equilease (doc. 38).[1] After consideration, I recommend the motion be granted for the reasons set forth below.

Court costs and reasonable attorneys fees are allowed pursuant to Fla. Stat. §559.77(2). The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City*

---

[1] The district judge referred the motion to me for preparation of a report and recommendation (doc. 40).

*of Montgomery,* 836 F.2d 1292-1303 (11th Cir. 1988). The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *Duckworth* at 1396; *Norman* at 1303. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. *Duckworth* at 1396; *Norman* at 1299. The movant can meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.*

Plaintiffs' attorneys claim they expended a total of 44.4 hours totaling $5,719.50 in attorney and paralegal fees litigating this action against Equilease. Because Plaintiffs litigated against two Defendants in this action, the Plaintiffs' attorneys have adjusted their fees and costs billed to Equilease in order to avoid a duplicate recovery. Specifically, Plaintiffs' attorneys apportioned Equilease's invoice such that work done regarding both defendants is reduced 50%, work done regarding only Defendant Associated is not included on the invoice, and work done regarding only Defendant Equilease is not reduced. To support their burden, Plaintiffs' attorneys filed the affidavit of attorney Michael Rosen (doc. 39). This affidavit demonstrates the rates charged by Plaintiffs' attorneys, between $190 and $295 per hour depending on the billing attorney's experience, is reasonable for the type of litigation. The Defendant Equilease failed to respond to Plaintiffs' motion within the time required by the local rules, and have not otherwise presented any evidence disputing the reasonableness of the attorney fees sought by Plaintiffs' attorneys.

Accordingly, I find that Plaintiffs' attorneys fees in the amount of $5,719.00 incurred in litigating this action are reasonable. Moreover, I find that the costs incurred in the amount of $220.00 reasonable. *See* 28 U.S.C. §1920 (clerk's filing fee taxable); *EEOC v. W & O, Inc.*, 213

F.3d 600 (11th Cir. 2000) (private process server fee taxable).

It is hereby

RECOMMENDED:

1. Plaintiffs' attorneys' application for reasonable attorneys' fees and costs incurred in litigating this action (doc. 38) be GRANTED.

2. Defendant Equilease be directed to pay $5,719.50 to Plaintiffs for reasonable attorneys' fees and $220.00 for reasonable costs incurred in litigating this action.

IT IS SO REPORTED at Tampa, Florida on this 14th day of July 2009.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Steven D. Merryday